**DAVIS, d. b. a. STEEL CITY CHEVROLET COMPANY, Plaintiff-Appellant, v. BOWERS, Tax Commr., Defendant-Appellee.**

Ohio Appeals, Seventh District, Mahoning County.

No. 4015.  Decided October 23, 1958.

David C. Haynes, Youngstown, for plaintiff-appellant.

William Saxbe, Atty. Genl., S. Noel Melvin, Asst. Atty. Genl., Columbus, for defendant-appellee.

## OPINION

Per CURIAM.

The evidence submitted to us on appellant automobile dealer's appeal from the findings of the Board of Tax Appeals affirming the orders of the Tax Commissioner in the sum of $12,939.03, discloses that upon numerous sales of new automobiles on which the purchaser traded in his used automobile, the appellant collected from the used car owner tax on an inflated value of the used car.

For example the dealer would quote a new car worth $2,100.00 for $2,600.00, and would allow the purchaser $1,500.00 for his used car worth $1,000.00, and collected $45.00 tax from the used car owner, being three percent of $1,500.00, and remitted but $30.00, being three percent of $1,000.00, to the Tax Commissioner.

Concerning such transaction appellant's sales manager testified:—

"A. That amount has already been taken into consideration when we appraise that man's automobile, when we have a $500.00 overallowance we can go ahead and figure that we have $515 to work with overallowance on that car.

"Q. But you didn't tell that to the purchaser.

"A. No."

Based on such testimony appellee rightly contends that appellant retained for his own use $15.00 of the $45.00 collected from the used car owner, which was his duty to collect and remit to the Tax Commissioner. Appellant dealer can not profit at the expense of the State of Ohio when he collected and failed to remit the full taxes on the valuation he made.

The above statement being a true statement of what transpired in the transactions giving rise to the assessments in this case it is immaterial how the dealer set up the transaction upon his books, there being no doubt that he collected from the owner of the trade-in car tax on the inflated price offered the purchaser for his car.

Finding no error in any respect urged, the decision of the Board of Tax Appeals should be and is affirmed.

NICHOLS, PJ, GRIFFITH and PHILLIPS, JJ, concur.